## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| ACCIDENT INSURANCE COMPANY, INC. | * |
| | *  CIVIL ACTION NO.: 5:19-cv-118 |
| VERSUS | * |
| | *  JUDGE: |
| SHELTER MUTUAL INSURANCE | * |
| COMPANY, ROCKY BEASLEY AND | *  MAGISTRATE: |
| TODD MAGEE D/B/A HARVEST | * |
| BUILDERS OF LOUISIANA, LLC | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### COMPLAINT FOR DECLARATORY JUDGMENT

**NOW COMES,** plaintiff, Accident Insurance Company, Inc. ("AIC"), which brings this Complaint for Declaratory Judgment and respectfully avers as follows.

### NATURE OF THE ACTION

**1.**

Accident Insurance Company brings this Complaint for Declaratory Judgment against Shelter Mutual Insurance Company ("Shelter Mutual"), Rocky Beasley ("Beasley") and Todd Magee d/b/a Harvest Builders of Louisiana, LLC ("Lee") (collectively referred to as "defendants"). AIC seeks, and is entitled to, a judicial declaration that AIC has no obligation to defend or indemnify Shelter Mutual Insurance Company, Rocky Beasley or Todd Magee d/b/a Harvest Builders of Louisiana, LLC or any other defendant, plaintiff, or third-party-claimant, in relation to the claims and lawsuit asserted by Shelter Mutual Insurance Company in the Petition for Damages filed in the 26th Judicial District Court for the Parish of Bossier, State of Louisiana, Docket Number 153427, Division "A", or any other actions associated or arising out of the same transactions or occurrences of the incident, as all defined below.

## **THE PARTIES**

**2.**

Plaintiff, Accident Insurance Company, Inc., is a foreign insurer incorporated under the laws of the State of New Mexico and with its principal place of business in the State of New Mexico, which is doing business in the State of Louisiana within the jurisdiction of this Honorable Court.

**3.**

Defendant, Shelter Mutual Insurance Company, upon information and belief, is a foreign insurer incorporated under the laws of the State of Missouri and with its principal place of business in the State of Missouri, which is doing business in the State of Louisiana within the jurisdiction of this Honorable Court.

**4.**

Defendant, Rocky Beasley, is an individual of the full age of majority domiciled and residing in Bossier Parish, State of Louisiana, within the jurisdiction of this Honorable Court.

**5.**

Defendant, Todd Magee d/b/a Harvest Builders of Louisiana, LLC, upon information and belief, is of the age of majority and a citizen of and of and domiciled in the State of Louisiana.  Upon information and belief, Todd Magee is a member and Cami Magee, a person of the age of majority, is Manager of Harvest Builders of Louisiana, LLC, which is doing business in the State of Louisiana.  Upon further information and belief, both Todd Magee and Cami Magee are citizens of and domiciled in the State of Louisiana and thus, are all within the jurisdiction of this Honorable Court.

## JURISDICTION AND VENUE

**6.**

This Court has subject matter jurisdiction over the claims complained therein pursuant to 28 U.S.C. §§ 1332, 2201, and 2202. Complete diversity of citizenship exists between the parties, and the amount in controversy between plaintiff and defendants is in excess of $75,000, exclusive of interests and costs.

**7.**

Venue is proper in this District pursuant to U.S.C. § 1391.

## UNDERLYING CLAIM

**8.**

Defendant, Shelter Mutual Insurance Company, originally filed a Petition for Damages in the 26th Judicial District Court for the Parish of Bossier, State of Louisiana, Docket Number 153427, Division "A", on July 5, 2017, therein naming Todd Lee d/b/a Harvest Builders of Louisiana, LLC, Custom Bilt Cabinet & Supply, Inc. and ELO Construction, LLC as defendants in the underlying action.

**9.**

In the underlying action, Shelter Mutual claims that on or about November 12, 2016, Mr. Rocky Beasley was the owner of a house located at municipal address 223 Cherry Blossom Lane in Benton, Louisiana 71106.

**10.**

Shelter Mutual further alleges that prior to and on or about November 12, 2016, Shelter Mutual has in force and effect policy number #17-71-9722321-1 issued to Beasley concerning the

aforementioned property, with said policy providing coverage for the property for loss by fire, including damage to the building and its contents and lost rents.

**11.**

Shelter Mutual alleges that Todd Lee d/b/a Harvest Builders of Louisiana, Custom Bilt Cabinets & Supply, Inc. and ELO Construction, LLC were responsible for and did perform the construction work for the property, including work associated with the fireplaces in the living room and on the patio.

**12.**

Shelter Mutual alleges that on or about November 12, 2016, a fire allegedly occurred at the property that caused severe damage to both the units of the duplex, making them uninhabitable.

**13.**

Shelter Mutual alleges that pursuant to its insurance policy issued to Beasley, it was required to pay and did pay Beasley more than $800,000 as a result of the fire.

**14**

Shelter Mutual has asserted in the underlying action that it is legally and conventionally subrogated to the rights of Beasley against the parties responsible for the fire and to the extent of the payments made by Shelter Mutual.

**15.**

Shelter Mutual alleges that it retained competent and qualified investigators and engineers who investigated the fire in question and concluded that the fire was the result of the improper design, selection, construction, installation and/or maintenance of the patio fireplace, which allowed for heat and/or flames to travel through our outside of the brick fireplace and ignite the framing and/or the OSB board framing the patio fireplace.

**16.**

Shelter Mutual has asserted various claims against Todd Lee d/b/a Harvest Builders of Louisiana, LLC, including but not limited to, negligence and strict liability claims.

**17.**

Shelter Mutual is seeking an award for its damages in the amount it paid to its insured due to the negligence, fault and/or strict liability of the defendants, as well as for all costs, including expert witness fees.

**AIC POLICIES AT ISSUE**

**18.**

AIC issued Commercial General Liability policies to Harvest Builders of Louisiana, LLC bearing policy number CPP0005407 00 with a policy period of 9/7/12 to 9/7/13, policy number CPP0005407 01 with a policy period of 9/7/13 to 9/7/14, and policy number CPP0005407 02 with a policy period of 9/7/14 to 9/7/15 (the "AIC Policies").

**19.**

The Insuring Agreement for the AIC Policy Number CPP0005407 00 under Coverage Form CG 00 01 12 07 provides as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit "that may result. But:
>    **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

**b**. This insurance applies to "bodily injury" and "property damage" only if:
  **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
  **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
  **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by the insured to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c**. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d**. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
  **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to use or any other insurer;
  **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
  **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e**. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from "bodily injury".

## 20.

The Insuring Agreement for the AIC Policy Numbers CPP0005407 01 and CPP0005407 02 under Coverage Form CG 00 01 04 13 provides as follows:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit "that may result. But:
        **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
        **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.
    **b**. This insurance applies to "bodily injury" and "property damage" only if:
        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
        **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
    **c**. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption preparation for that "bodily injury" or "property damage" after the end of the policy period.
    **d.** "Bodily injury" and "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim.
        **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
        **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
        **(3)** Becomes aware of any other means that "bodily injury" or "property damage" has occurred or has begun to occur.
    **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**21.**

The Definitions Section for the AIC Policies provides the meaning for the following terms contained in the insuring agreements:

> **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> "Property damage" means:
> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it;
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**22.**

Neither Shelter Mutual Insurance Company nor Rocky Beasley are an "insured" under the AIC Policies.

**23.**

The AIC Policies also contain the following Exclusions, which states as follows:

> **2. Exclusions**
> This insurance does not apply to:
>
> **a. Expected Or Intended Injury**
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> **b. Contractual Liability**
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
> **(1)** That the insured would have in the absence of the contract or agreement; or
> **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred

by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
 (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
 (b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

j. **Damage To Property**
Property damage" to
 (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
 (2) Premises you sell, give away, or abandon, if the "property damage" arises out of any part of those premises;
 (3) Property loaned to you;
 (4) Personal property in the care, custody or control of the insured;
 (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
 (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

k. **Damage To Your Product**
"Property damage' to "your product" arising out of it or any part of it.

l. **Damage To Your Work**
"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by an independent contractor and/or subcontractor.

m. **Damage To Impaired Property Or Property Not Physically Injured**
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
 (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
 (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

    **n. Recall Of Products, Work Or Impaired Property**
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
**(1)** "Your product":
**(2)** "Your work"; or
**(3)** "Impaired property";
if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

### 24.

The Definitions Section of the AIC Policies state the following definitions as follows:

"**Your product**":
**a.** Means:
   **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
     **(a)** You;
     **(b)** Others trading under your name; or
     **(c)** A person or organization whose business or assets you have acquired; and
   **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
**b.** Includes
   **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product'; and
   **(2)** The providing of or failure to provide warnings or instructions.
**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

"**Your work**":
**a.** Means:
   **(1)** Work or operations performed by you or on your behalf; and
   **(2)** Materials, parts or equipment furnished in connection with such work or operations.
**b.** Includes
   **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
   **(2)** The providing of or failure to provide warnings or instructions.

"**Products-completed operations hazard**":
**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
   **(1)** Products that are still in your physical possession; or
   **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    **(a)** When all of the work called for in your contract has been completed.
    **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
    **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

"**Impaired property**" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or you're fulfilling the terms of the contract or agreement.

## 25.

The AIC Policies contain an endorsement form **COMMERCIAL GENERAL LIABILITY COVERAGE FORM CG 00 01 10 01** entitled **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**, which provides in pertinent part as follows:

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    \*    \*    \*    \*    \*

  **c.** You and any other involved insured must:
    **(1)** Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the claim or "suit";
    **(2)** Authorize us to obtain records and other information;
    **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
    **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without our consent.

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

11

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured, but we will not be liable for damages that are not payable under the terms of this Coverage Part to that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** and **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b. Excess Insurance**

This insurance is excess over:

**(1)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(a)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work; or

**(b)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

**(c)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

**(d)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury and Property Damage Liability.

**(2)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not brought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

    **c. Methods of Sharing**

        If all of the other insurance permits contribution by equal shares, we will follow the method also. Under this approach, each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

        If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**7. Separation of Insureds**

    Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
    **a.** As if each Named Insured were the only Named Insured; and
    **b.** Separately to each insured against whom claim is made or "suit" is brought.

**8. Transfer Of Rights Of Recovery Against Others To Us**

    If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

## 26.

The AIC Policies contain an Endorsement Form AIC 3007 (12/06) entitled

"**CONTRACTORS SPECIAL CONDITION**", which provides as follows:

**Contractors**

As a condition to coverage for any claim for injury or damage based, in whole or in part, upon work performed by independent contractors, the insured must have, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit":

**(1)** received a written indemnity agreement from the independent contractor holding the insured harmless for all liabilities, including costs of defense, arising from the work or the independent contractor;

**(2)** obtained certificates of insurance from the independent contractor indicating that the insured is named as an additional named insured and that coverage is maintained with minimum limits of per occurrence;

**(3)** obtained proof that the independent contractor has workers compensation insurance if required by the state in which the job(s) is located; and

**(4)** obtained proof that all licenses are required by local and/or state statute, regulation or ordinance are up to date.

The insured must maintain the records evidencing compliance with paragraphs **(1)** through **(4)** for a minimum of five years from the expiration date of this policy.

The insurance provided by this policy shall be excess over and above any other valid and collectible insurance available to the insured under paragraph **(2).**

**27.**

AIC is currently defending Todd Magee d/b/a Harvest Builders of Louisiana, LLC pursuant to a continuing and complete reservation of rights.

**28.**

Pursuant to all of the aforementioned policy language, AIC is entitled to a declaration that the AIC Policies at issue do not provide coverage to Todd Magee, Harvest Builders of Louisiana, LLC or any other defendant for the claims asserted by Shelter Mutual Insurance Company, and that AIC has no obligation to continue to defend or indemnify them in relation to same.

**29.**

Pursuant to the above policy language, AIC is entitled to a declaration that the Insuring Agreements in the AIC Policies do not provide coverage for the Petition for Damages in the underlying action, as there was no "occurrence" during any of the relevant policy periods.

**30.**

Separately and independently, AIC is entitled to a declaration that coverage for the Petition for Damages in the underlying action are excluded by one or more Exclusions in the AIC Policies.

**31.**

AIC is entitled to a declaration that the CONTRACTORS SPECIAL CONDITION in the AIC Policies exclude coverage for the Petition for Damages to the extent that this endorsement was not complied with and that AIC has no obligation to defend or indemnify Todd Magee, Harvest Builders of Louisiana, LLC or any other defendant in relation to same.

**32.**

AIC further pleads the terms, conditions, exclusions, provisions and limitations of liability contained in each entire policy as if copied here in *extenso* and verbatim.

**33.**

AIC is entitled to a declaration that there is no coverage for any breach of contract and/or damages resulting from same.

**34.**

AIC reserves the right to assert any additional coverage provisions or defenses that are deemed warranted hereafter and in no way waives any such coverage defenses under any terms, conditions, exclusions, provisions and limitations of liability contained in the AIC Policies.

**WHEREFORE**, Accident Insurance Company, Inc. prays that defendants be cited to appear and answer the Complaint herein within the delays fixed by law, and that after due proceedings are had, there be judgment herein in favor of Accident Insurance Company declaring that:

(1) Accident Insurance Company has no contractual obligation under the AIC Policies to defend or provide coverage to Todd Magee, Harvest Builders of Louisiana, LLC or any other defendant, for any attorney's fees or costs incurred by them in defending the Complaint filed by Shelter Mutual Insurance Company or damages awarded in favor of Shelter Mutual Insurance Company, or damages that Todd Magee, Harvest Builders of Louisiana, LLC or any other defendant agrees to pay in settlement of any underlying claim;

(2) That no coverage exists under the subject AIC Policies for any claims arising out of the contract between Shelter Mutual Insurance Company and Todd Magee d/b/a Harvest Builders of Louisiana, LLC; and

(3) For all other general and equitable relief as is reasonable and allowed by law.

| **CERTIFICATE OF SERVICE** | Respectfully Submitted, |
|---|---|
| I hereby certify that I have served a copy of the foregoing upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this the 31 January 2019.<br><br>         */s/ Sean P. Mount* | **DEUTSCH KERRIGAN, LLP**<br><br>**BY:**   */s/ Sean P. Mount*<br>**SEAN P. MOUNT, #101507 – T.A.**<br>**smount@deutschkerrigan.com**<br>**BRYCE M. ADDISON, #36345**<br>**baddison@deutschkerrigan.com**<br>755 Magazine St.<br>New Orleans, LA 70130<br>Phone: 504-581-5141<br>Attorney for plaintiff,<br>Accident Insurance Company, Inc. |